```
David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
```
**DL LAW GROUP**
```
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484
```

Attorneys for Plaintiff,
TODD L.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD L.,<br><br>                 Plaintiff,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA; ARM, INC.; ARM, INC. HEALTH AND WELFARE PLAN; and DOES 1 through 10,<br><br>                 Defendants. | Case No.<br><br>**PLAINTIFF TODD L.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; EQUITABLE RELIEF; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, TODD L. herein sets forth the allegations of this Complaint against Defendants CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA ("Blue Shield"); ARM, INC.; ARM, INC. HEALTH AND WELFARE PLAN; and DOES 1 through 10.

**PRELIMINARY ALLEGATIONS**

**JURISDICTION**

1.   Plaintiff brings this action for relief pursuant to Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B) and (a)(3). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e), (f) and (g), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made

by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and enforcing Plaintiff's rights under the terms of an employee benefit plan named as a Defendant.

3. Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendants' improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; and attorneys' fees and costs.

## PARTIES

4. At all relevant times, TODD L. was a resident of the State of California.

5. At all relevant times, TODD L. participated in an employee welfare benefit plan, ARM, INC. HEALTH AND WELFARE PLAN ("the Plan") within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1), sponsored by ARM, INC.

6. Mental Health claims under the Plan were at all relevant times administered by CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA ("Blue Shield") and/or a third-party Mental Health Service Administrator ("MHSA").

7. At all relevant times, Blue Shield is a corporation whose primary place of business is located in the State of California.

8. L.L. is TODD L.'s son and a Plan beneficiary.

9. At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff. This action involves mental health claims denied by the Plan's claim administrator.

//
//
//
//
//

# FACTS

10. The Plan guarantees, warrants, and promises coverage for medically necessary health care services, care and treatment, including but not limited to: health care services, mental health care, and the treatment at issue herein.

11. At all relevant times L.L. was a beneficiary of the Plan, and the Plan was in full force and effect.

12. The Plan contemplates treatment for participants and beneficiaries in a residential treatment center.

13. The Plan covers mental health expenses and services in a residential treatment program. The plan states the following:

> Benefits are provided for Inpatient and professional Services in connection with a Residential Care admission for the treatment of Mental Health Conditions or Substance Use Disorder Conditions.

14. At all relevant times, L.L. was diagnosed with, *inter alia*, ADHD, generalized anxiety disorder, social anxiety disorder, major depressive disorder, borderline personality disorder, and substance use disorder.

15. These multiple disorders severely impaired L.L.'s ability to function safely in the community and previous treatments were unsuccessful.

16. On June 12, 2019, L.L. was admitted to Cascade Crest, a residential mental health treatment center.

17. At all times relevant, L.L.'s treatment at Cascade Crest was medically necessary, based upon the reasoned medical opinions of L.L.'s mental health providers.

18. Plaintiff filed claims for mental health benefits with Defendants for L.L.'s treatment at Cascade Crest.

19. Blue Shield, and/or Blue Shield's MHSA, denied Plaintiff's claims for treatment at Cascade Crest.

20. Blue Shield, and/or Blue Shield's MHSA, failed to provide a reason for its denial of Plaintiff's claims for treatment at Cascade Crest.

21. Plaintiff timely appealed Blue Shield's claim denials.

22. Blue Shield, and/or Blue Shield's MHSA, on behalf of the Plan, denied Plaintiff's appeal.

23. Plaintiff timely filed a level two appeal.

24. Blue Shield, and/or Blue Shield's MHSA, on behalf of the Plan, denied Plaintiff's level two appeal.

25. As a result, Plaintiff was forced to pay for L.L.'s care and treatment at Cascade Crest from his own personal funds.

26. Plaintiff has exhausted all administrative remedies regarding the denial of L.L.'s mental health benefits.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**Recovery of Benefits Due Under an ERISA Benefit Plan**
**(Against CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA; ARM, INC.; ARM, INC. HEALTH AND WELFARE PLAN; and DOES 1 through 10, For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))**

27. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

28. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

29. At all relevant times, Plaintiff, and his son, L.L., were insured under the health care plan at issue herein. At all relevant times, L.L. met the medical necessity criteria for treatment required under the terms and conditions of the Plan.

30. Defendant wrongfully denied Plaintiff's benefits for treatment in the following respects, among others:

> (a) Failure to authorize and pay for medical services rendered to L.L. as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits;

(c) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect his claim along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative and medically appropriate courses of treatment;

31. By denying Plaintiff's mental health claims, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

32. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(against Defendants CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA; ARM, INC.; ARM, INC. HEALTH AND WELFARE PLAN; DOES 1-10)**

33. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

34. At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Policy, disposition of Plan assets, and administration of the Policy.

35. Plaintiff asserts that a claim for benefits due under the Policy does not provide him with an adequate remedy at law in light of Defendants' continuing course of conduct in violating the terms of the Policy and applicable law as described below.

36. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

**COMPLAINT**  **CASE NO.**

37. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

38. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

39. In committing the acts and omissions herein alleged, Defendants breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

40. At all material times herein, Defendants, and each of them, violated these duties by, *inter alia,* the following:

    A. Consciously, unreasonably, intentionally, and without justification, violating California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

    B. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

    C. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claim, and related claims and/or similar claims, for mental health care benefits;

    D. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the

Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits that it pays claimants;

E. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

F. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims.

41. As a result of Defendants' breaches of fiduciary duty, Plaintiff has been harmed, and the Defendants have been permitted to retain assets and generate earnings on those assets to which Defendants were not entitled.

42. Plaintiff further requests judgment permanently enjoining Defendants California Physicians' Service dba Blue Shield of California from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and cost; and enjoining the Plan from using level of care guidelines that fall below reasonable standards in the medical community, either as written or as applied, or both. In addition, Plaintiff seeks appropriate equitable relief from all Defendants, and each of them, including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of L.L.'s treatment at Cascade Crest. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

//
//
//
//
//
//

# PRAYER FOR RELIEF

## AS TO ALL DEFENDANTS

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

52. Declare that Defendants, and/or each of them, violated the terms of the Plan by failing to provide mental health benefits;

53. Order Defendants, and/or each of them, to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

54. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

55. Provide such other relief as the Court deems equitable and just.

56. An Order requiring each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines. This includes, but is not limited to, any violation of ERISA §§ 404 and 406;

57. For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

58. Removal of California Physicians' Service dba Blue Shield as a Plan fiduciary;

59. For surcharge relief;

60. An injunction against further denial of Plaintiff's benefits pursuant to 29 U.S.C. §§ 1132(a)(3);

61. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

62. Provide such other relief as the Court deems equitable and just.

Dated: February 8, 2022

Respectfully submitted,

**DL LAW GROUP**

By: */s/ David M. Lilienstein*
David M. Lilienstein
Katie J. Spielman
Attorneys for Plaintiff, TODD L.